**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**MICHAEL EDWARD DICKEY,**

    Petitioner,

v.                                                      **Case No. 3:16cv657-LC/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

On December 8, 2016, Petitioner Michael Edward Dickey, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 14, 2017, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 6. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Respondent's motion

should be granted, and this case should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

By amended information filed December 21, 2010, the State of Florida charged Petitioner Michael Edward Dickey with one count of the sale or delivery of cocaine, a second degree felony, in violation of section 893.13(1)(a), Florida Statutes, in connection with events that occurred on or about November 20, 2009. Ex. A at 3; *see id.* at 1 (initial information). Dickey proceeded to a jury trial on March 11, 2011. Ex. B (trial transcript). Dickey did not testify at trial. *Id.* at 129. The jury found him guilty as charged. *Id.* at 175-76; Ex. A at 31. On April 21, 2011, the trial court adjudicated Dickey guilty and sentenced him as an habitual felony offender to eight (8) years in prison, with jail credit for 352 days. Ex. A at 49-57; *see id.* at 67-85 (transcript of sentencing proceedings).

Dickey appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D11-2485. Ex. A at 60; Ex. C (Initial Brief); Ex. D (Answer Brief). On February 16, 2012, the First DCA per curiam affirmed the case with only a citation to Flagg v.

State, 74 So. 3d 138 (Fla. 1st DCA 2011). Ex. E; Dickey v. State, 79 So. 3d 138 (Fla. 1st DCA 2012). The next day, Dickey filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court. Ex. F. On November 8, 2012, the Florida Supreme Court dismissed the case for lack of jurisdiction. Ex. G; Dickey v. State, 105 So. 3d 519 (Fla. 2012) (table).

On July 17, 2013, Petitioner filed a Motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging three claims of ineffective assistance of trial counsel. Ex. H at 34-43. By order rendered August 6, 2013, the trial court dismissed the motion without prejudice, finding the oath insufficient:

> Any factual statements or allegations asserted in support of a postconviction motion must be accompanied by a proper oath. While Defendant's motion includes an oath, as of July 1, 2013, the oath requirements of rule 3.850 have changed. Defendant's oath does not satisfy the new requirements. Consequently, the Court is required to dismiss Defendant's motion and memorandum in order to protect against perjury and to ensure compliance with the oath requirements of rule 3.850.

*Id.* at 62 (footnote omitted). The court allowed Petitioner to file a properly sworn motion within sixty (60) days. *Id.* at 63. On August 21, 2013, Petitioner filed an amended Rule 3.850 motion. *Id.* at 64-73. The court directed the State to file a response to the first and third claims. *Id.* at 94. On January 3, 2014, the State filed a response as directed. *Id.* at 96-98.

On February 26, 2014, Petitioner filed an "Addendum to Amended Postconviction Rule 3.850 Motion," raising a fourth claim. *Id.* at 107-21. On May 6, 2014, Petitioner field a memorandum in support of his amended motion. *Id.* at 124-30.

By order rendered June 2, 2014, the state trial court summarily denied the second and fourth claims, and granted an evidentiary hearing on the first and third claims. *Id.* at 131-66. The evidentiary hearing took place August 20, 2014. Ex. I at 173-201. In a final order rendered August 28, 2014, the court denied the remaining claims. *Id.* at 202-05. Petitioner filed a motion for rehearing, which the court denied. *Id.* at 208-11.

Petitioner appealed the denial of his Rule 3.850 motion to the First DCA, assigned case number 1D14-5473, and filed an initial brief. *Id.* at 212; Ex. J. The State filed an answer brief, Ex. K, and Petitioner filed a reply brief, Ex. L. On August 3, 2016, the First DCA per curiam affirmed the case without an opinion. Ex. M. Petitioner filed a motion for rehearing and rehearing en banc, which the court denied by order on September 28, 2016. Ex. N. The mandate issued October 14, 2016. Ex. M.

As indicated above, on December 8, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

Petitioner presents three grounds, all alleging ineffective assistance of counsel (IAC):

(1) **IAC – Failure to Present Favorable Plea Offer**: "The State Court's Unreasonably Applied the Constitutional Effective Assistance Standards Laid Out in Strickland v. Washington and Hill v. Lockhart and Unreasonable Determined Facts in Light of the Evidence Presented in the State Court Proceeding in Denying Petitioner's Post Conviction Claim One." *Id*. at 3. Specifically, Petitioner asserts the state court unreasonably rejected his claim that trial counsel provided ineffective assistance in not presenting Petitioner with a favorable plea offer, based on the testimony of defense counsel that Petitioner's "allegation that he was never presented with a plea offer of 72 months was 'definitely not true.'" *Id*. Petitioner explains defense counsel could not recall specifically presenting him with the plea deal and there was no notation of the offer in his file, although it was counsel's "standard procedure" to do so. *Id*.

(2) **IAC – Failure to Call Witnesses**: "The State Court's Unreasonably Applied the Constitutional Effective Assistance Standards Laid out in Strickland v. Washington When the Court Denied Petitioner's Post Conviction Claim Three." *Id*. at 4. Specifically, Petitioner asserts the state court unreasonably rejected his claim that trial counsel provided ineffective assistance by not calling Petitioner's proposed witnesses, based on testimony of defense counsel that she reasonably believed they would offer perjured testimony. *Id*. Petitioner explains defense counsel never testified that she "reasonably believed" his witnesses would perjure themselves at trial; rather, counsel stated the witnesses would have offered testimony that conflicted with the results of counsel's investigation. *Id*.

(3) **IAC – Tampering by Crime Laboratory Analyst**: "The State Court's Denial of Petitioner's Post Conviction Claim Four Resulted in a Decision that was Contrary to or Involved an Unreasonable Application of Strickland v. Washington."

>
> *Id.* at 5. Specifically, Petitioner asserts that "crime laboratory analyst Joseph W. Graves of the Florida Department of Law Enforcement may have affected the conclusion, opinion, and/or interpretations made on the drugs tested in this case due to the fact that he had been implicated in a state investigation for corruption and tampering with evidence." *Id.* Petitioner explains the state court summarily denied this claim "based on failure to allege the Mr. Graves tampered with the evidence in Petitioner's case or that his conduct otherwise denied him a fair trial." *Id.* Petitioner argues that the First DCA "granted relief to at least two Defendant[s] arguing the same claims" and "[j]ustice requires that Petitioner be afforded the same relief." *Id.*; *see* Beazley v. State, 148 So. 3d 552 (Fla. 1st DCA 2014); Kenyon v. State, 146 So. 3d 1289 (Fla. 1st DCA 2014).

Respondent has filed a motion to dismiss the petition, with exhibits. ECF No. 6. In particular, Respondent argues the first two grounds are untimely and the third ground, although timely per § 2244(d)(1)(D), presents an alleged error of state law (not IAC) and is not cognizable in federal habeas. *Id.* Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 5.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement

dates. *Id.* § 2244(d)(1)(A).[1] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner filed a direct appeal of his judgment and sentence and the First DCA affirmed his case with a citation on February 16, 2012. Ex. E. The next day, through counsel, Petitioner filed a Notice to Invoke Discretionary Jurisdiction of the Florida Supreme Court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(i), and the Notice explained that the First DCA's affirmance of his appeal cites a case (then) pending before the Florida Supreme Court, Flagg v. State, 74 So. 3d 138 (Fla. 1st DCA 2011), thus establishing jurisdiction pursuant to Jollie v. State, 405 So. 2d 418 (Fla. 1981).[2] Ex. F. By order on November 8, 2012, the Florida Supreme Court dismissed the case for lack of jurisdiction:

---

[1] Later dates which may commence the limitations period include the date on which (1) an unconstitutional impediment which prevented petitioner from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

[2] In Jollie v. State, the Florida Supreme Court concluded that "a district court of appeal per curiam opinion which cites as controlling authority a decision that is either pending review in or has been reversed by this Court continues to constitute prima facie express conflict and allows this Court to exercise its jurisdiction." 405 So. 2d at 420.

> Having determined that this Court is without jurisdiction, this case is hereby dismissed. See Harrison v. Hyster Co., 515 So. 2d 1279 (Fla. 1987); Dodi Publishing Co. v. Editorial America, S.A., 385 So. 2d 1369 (Fla. 1980).
>
> No motion for rehearing will be entertained by the Court.

Ex. G.[3]

Respondent argues Petitioner's Notice to Invoke Discretionary Jurisdiction was not "properly filed" within the meaning of AEDPA because it was dismissed for lack of jurisdiction, and thus the Notice did not toll the AEDPA limitations period. ECF No. 6 at 5. Respondent's argument is well-taken. Petitioner's attempt to invoke the jurisdiction of the Florida Supreme Court was a nullity. In the case Petitioner cited in his Notice to Invoke Discretionary Jurisdiction, Flagg v. State, the Florida Supreme Court had not granted review; the jurisdictional decision was still pending. Indeed, on October 23, 2012, the Florida Supreme Court determined it should decline to accept jurisdiction in Flagg v. State and denied the petition for review in that case, presumably giving rise to the order issued a few days later dismissing Dickey's case. See Flagg v. State, 104 So. 3d 1083 (Fla. 2012). Accordingly, Dickey's Notice to Invoke Discretionary Jurisdiction did not toll

---

[3] In Harrison v. Hyster Co., cited in the order dismissing Dickey's case, the Florida Supreme Court clarified that "Jollie's reference to the 'controlling authority . . . that is . . . pending review' refers to a case in which the petition for jurisdictional review has been granted and the case is pending for disposition on the merits." 515 So. 2d at 1280.

the federal habeas limitations period.  See, e.g., Cotton v. Crews, No. 3:12cv550-MCR/CJK, 2014 WL 84084 (Jan. 9, 2014) (district court order adopting magistrate judge's recommendation to grant motion to dismiss § 2254 petition as untimely and explaining, among other things, that because petitioner's attempt to invoke jurisdiction of Florida Supreme Court was nullity, it did not toll AEDPA limitations period); Williams v. McNeil, No. 3:08cv596-J-12TEM, 2008 WL 5099694 (Nov. 26, 2008) (district court order dismissing § 2254 petition as untimely and explaining "in Petitioner's case, the Florida Supreme Court properly determined that it did not have jurisdiction, as the cited case had not been accepted for review," thus AEDPA time was not tolled during pendency of Notice to Invoke Discretionary Jurisdiction in Florida Supreme Court following conclusion of petitioner's direct appeal).

Therefore, the AEDPA clock began running in Dickey's case on May 16, 2012,[4] ninety (90) days after the First DCA's decision affirming his direct appeal.  See Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (concluding that conviction does not become "final" for purposes of § 2255(f)(1) until 90-day period for seeking certiorari expires, even if prisoner does not petition for such review); Sup. Ct. R. 13.  He had one

---

[4] The year 2012 was a leap year.

year thereafter, until May 16, 2013, to submit either his federal habeas petition or a "properly filed application for State post-conviction or other collateral review," which would toll his AEDPA limitations period. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (applying "anniversary method" when calculating one-year limitations period); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that limitations period should be calculated using "the anniversary date of the triggering event").

Thus, by the time Petitioner Dickey filed his first state post-conviction motion on July 17, 2013, he had no AEDPA time remaining to be tolled. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Accordingly, under § 2244(d)(1)(A), this § 2254 petition is untimely unless one of the other AEDPA provisions, in § 2244(d)(1)(B), (C), or (D), applies to Dickey's individual grounds.

As Respondent asserts, Dickey's first two grounds are untimely as none of the other AEDPA provisions apply. As to the third ground, however, concerning FDLE laboratory analysis Joseph W. Graves, the factual predicate for this ground did not arise until Graves' arrest, which occurred in February 2014 and which Respondent does not dispute. ECF No. 6 at 16; *see* Ex. H at 111-12. Therefore, as Respondent explains, § 2244(d)(1)(D) applies to the third ground and the federal habeas petition is not untimely as to this ground. Specifically, the factual predicate for the third ground arose during the pendency of Dickey's amended Rule 3.850 motion in the state post-conviction court, and the entirety of those proceedings did not conclude until the First DCA issued the mandate in Dickey's appeal from the denial of Rule 3.850 relief, on October 14, 2016. Ex. H at 107-21; Ex. M.

In the third ground, although presented in the petition as one alleging IAC, Dickey actually argues the state post-conviction trial court should not have summarily denied the fourth claim in his amended Rule 3.850 motion, which alleged Graves "may have affected the conclusion, opinion, and/or interpretations made on the drugs tested in this case due to the fact that he had been implicated in a state investigation for corruption and tampering with evidence." ECF No. 1 at 5. As set forth above, Dickey explains the

state court denied this claim "based on failure to allege the Mr. Graves tampered with the evidence in Petitioner's case or that his conduct otherwise denied him a fair trial." *Id.* Dickey argues that the First DCA "granted relief to at least two Defendant[s] arguing the same claims" and "[j]ustice requires that Petitioner be afforded the same relief." *Id.*; *see* Beazley v. State, 148 So. 3d 552 (Fla. 1st DCA 2014); Kenyon v. State, 146 So. 3d 1289 (Fla. 1st DCA 2014).[5]

    Respondent argues this claim presents a purely state law issue and is not cognizable on federal habeas review. ECF No. 6 at 19-21. Respondent further argues that Dickey failed to present the claim as one of federal constitutional dimension. *Id.* at 21. Respondent also points out that if Dickey intends this as a claim alleging IAC, he did not exhaust it. *Id.* at 19 n.8.

    The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). *See, e.g.,* Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566,

---

[5] In Beazley and Kenyon, the state trial court granted post-conviction relief for convictions of possession of a controlled substance and trafficking in hydrocodone, respectively, following the arrest of FDLE analyst Graves, who had testified in those trials. *See* Beazley, 148 So. 3d at 553; Kenyon, 146 So. 3d at 1289.

Case No. 3:16cv657-LC/CAS

1568 (11th Cir.1987). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." Carroll, 574 F. 3d at 1365. See Quince, 360 F.3d at 1261-62; Spradley, 825 F.2d at 1568. Furthermore, "such challenges often involve claims under state law – for example, Florida Rules of Criminal Procedure 3.850 and 3.851, which governs the availability of, and procedures attendant to, post-conviction proceedings in Florida – and '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Carroll, 574 F.3d at 1365 (quoting McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992)). The Eleventh Circuit has further explained that "[b]ecause of this bar to relief, we have stated it is 'beyond debate' that a state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief." Carroll, 574 F.3d at 1365; see Anderson, 462 F.2d at 1330; Spradley, 825 F.2d at 1567. See also, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Here, the error Petitioner evidently complains about occurred during the state post-conviction proceeding, when the state post-conviction trial court denied his claim without giving him another opportunity to amend his Rule 3.850 motion or granting him an evidentiary hearing. This alleged error does not undermine the legality of his imprisonment and is based purely on state law, specifically Rule 3.850 and the Florida Supreme Court's interpretation of Florida law and procedural rules, including <u>Spera v. State</u>, 971 So. 2d 754 (Fla. 2007), and subsequent cases. *See* <u>Carroll</u>, 574 F.3d at 1366 (holding that habeas petitioner's claim that state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing, did not state a claim on which federal habeas relief could be granted); <u>Quince</u>, 360 F.3d 1261-62 (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief"); <u>Spradley</u>, 825 F.2d at 1568 (holding that habeas petitioner's claim that errors in his Rule 3.850 proceeding violated his due process rights did not state basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention"). *See also, e.g.*, <u>Ramires v. Sec'y of Fla. Dep't of Corr.</u>, No. 3:11cv435-MW/CJK, 2013 WL 2432937, at *14-15 (N.D. Fla. June 4, 2013) (order

adopting report and recommendation concluding petitioner's second ground provided no basis for federal habeas relief and should be denied, where ground alleged violation of due process by state post-conviction court's denial of some claims raised in amended Rule 3.850 motion as facially insufficient without providing opportunity to further amend claims); Dubon v. Crews, No. 3:12cv382-MCR/EMT, 2014 WL 3519015, at *11 (N.D. Fla. July 16, 2014) (order adopting report and recommendation concluding petitioner's third ground provided no basis for federal habeas relief and should be denied, where ground alleged Florida courts denied his rights to equal protection and due process by failing to provide him opportunity to amend his second Rule 3.850 motion before dismissing it as successive).

Further, as to this ground, Dickey did not specifically allege a federal constitutional claim during the proceedings in the state courts. *See* Ex. H at 107-13 (Addendum to Amended Postconviction Rule 3.850 Motion, filed February 26, 2014). In particular, in his Addendum to Amended Postconviction Rule 3.850 Motion, Dickey quoted portions of the trial testimony of the officer who field-tested the three small packages of cocaine (State Exhibit C) bought from Dickey by the confidential informant, and the officer testified all three packages tested positive. *Id*. at 107-09;

Ex. B at 52-53. Dickey also quoted Graves' trial testimony that his testing in the FDLE lab identified cocaine in only two of the three packages. Ex. H at 110; Ex. B at 62. Then, Dickey made the following assertions:

**ADDENDUM**
**CLAIM FOUR**

**Summary of the Argument**
CRIME LABORATORY ANALYST JOSEPH W. GRAVES OF THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT HAS BEEN IMPLICATED IN STATE INVESTIGATION FOR CORRUPTION AND TAMPERING WITH EVIDENCE WHICH MAY HAVE AFFECTED THE CONCLUSION, OPINION, AND/OR INTERPRETATIONS MADE ON THE DRUGS TESTED IN THIS CASE.

**Argument**

"Addendum" grievance could not have been aired in the original motion for post conviction relief because the facts arising from FDLE official misconduct information was not available to defendant until after original motion was filed. See, e.g., Wilson v. State, 868 So. 2d 654 (Fla. 2d DCA 2004). Defendant has now obtained from recent FBI documents charging Joseph W. Graves, Crime Laboratory Analyst Supervisor, with a variety of criminal conduct while being employed at the Pensacola Regional Operations Center, e.g., Grand theft, (12) counts of Tampering with Evidence/ Fabricating Physical Evidence, (9) counts of Trafficking in Illegal Drugs. Investigators believe Graves while processing cases replaced prescription pain pills with over the counter medications.

Defendant believes that he is entitled to be exonerated of his charges based on the discovery of this evidence of corruption and misconduct charges on Joseph W. Graves, who also orchestrated drug testing in FDLE number 20100203196, submission of two (2) substances, Agency number(s) 1B, 1C

> [State's Exhibits C and D], may be directly affected regarding his report on the drugs analyzed in this case. Whereas, his conclusions, opinions, and/or interpretation may be in question entitling defendant to at least an evidentiary hearing to further substantiate this claim, based upon this unknown facts, which comes after initial filings of his post-conviction 3.850 Motion.

*Id*. at 111-12. Thus, although he quoted the trial testimony reflecting a discrepancy between the field testing and lab testing of the three packages, and he asserted that given Graves' subsequent arrest and charges, Graves' testing and report on the drug packages in his case "may be directly affected," Dickey did not specifically allege the discrepancy was due to probable tampering by Graves in this case, nor did Dickey reference any federal constitutional provision. Further, in his supporting memorandum, filed May 6, 2014, Dickey does not discuss this claim at all, although he does make federal law arguments concerning his other three grounds. *See id*. at 124-30.

In summarily denying the ground, the state post-conviction court relied only on state law and made findings:

> **Ground Four** – In an "addendum" to his amended motion, Defendant alleges that, based on the arrest of Joseph Graves, he is entitled to have his conviction vacated. Mr. Graves, an FDLE analyst, testified at Defendant's trial that the substance submitted to him for testing was, in fact, cocaine. Defendant appears to be arguing that Mr. Graves' arrest is new and material evidence which warrants a new trial.

Case No. 3:16cv657-LC/CAS

> In order for a conviction to be set aside on the basis of newly discovered evidence, the evidence (1) must have been unknown by the trial court, by the party, or by counsel at the time of trial, and (2) the evidence must be of such a nature that it would probably produce an acquittal on retrial. The Court finds that . . . Mr. Graves' arrest, although new, is not material in that it would not likely produce an acquittal on retrial. There is no allegation that Mr. Graves tampered with the evidence in Defendant's case or that his conduct otherwise denied him a fair trial. The claim, accordingly, is summarily denied.

*Id.* at 133 (footnotes referencing exhibit containing trial transcript and state cases omitted). Dickey filed a motion for rehearing, but, as with his supporting memorandum, he did not even mention this claim. Ex. I at 210-11. On appeal, he argued only that the state trial court did not follow state law in denying relief, as the court denied his claim without affording him the opportunity to amend pursuant to Spera v. State, 971 So. 2d 754 (Fla. 2007). Ex. J at 21-22; Ex. L at 6. In his motion for rehearing filed in the First DCA, Dickey argued only that the appellate court "apparently overlooked controlling law articulated in Beazley v. State, 148 So. 3d 552, 555 (Fla. 1st DCA 2014)." Ex. N at 2. Therefore, because Dickey argued only that the state court did not follow state law or procedure, his third ground does not present a claim cognizable in federal habeas and should be dismissed. *See* 28 U.S.C. § 2254(a).

## **Conclusion**

Based on the foregoing, Petitioner Dickey's first two grounds are

untimely and his third ground is not cognizable in federal habeas review. Accordingly, Respondent's motion to dismiss should be granted.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed.

R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 6, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**